UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MORGAN LOWETH, on behalf of himself and all others similarly situated, | CASE NO. 1:23-cv-02438-BMB |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| REVOLUTION TRUCKING, LLC, et al., | **OPINION AND ORDER** |
| Defendants. | |

Before the Court is the parties' joint motion for approval of settlement. (Doc. 15.) Because the Court finds the settlement is a fair resolution of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, this motion is GRANTED, the settlement is APPROVED, and the case is DISMISSED with prejudice.

I. BACKGROUND

On December 24, 2023, Morgan Loweth ("Loweth"), filed a collective action lawsuit against Revolution Trucking, LLC, James Adams, and Brian Watson (collectively, "Defendants"). (*See* Doc. 1; Doc. 15 at 137.)[1] Loweth alleges Defendants misclassified him and other cargo van drivers as independent contractors and paid them solely by the mile to transport goods across the country. (*See id.*) Loweth contends he and other drivers are non-exempt employees under the Fair Labor Standards Act ("FLSA"). (*Id.*) He seeks collective relief for denied overtime pay for hours worked in excess of forty hours per week. (*Id.*)

On August 5, 2024, the Court certified this case as a collective action. (Doc. 12.) Notices were mailed to potential collective members and three additional people, Mike Dial,

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Eric-Metz Starkey, and John Wilson, opted into the case (collectively, "Plaintiffs").  (*See* Doc. 13.)  After engaging in written discovery, the parties conducted weeks of arm's-length negotiations and reached a settlement agreement.  (Doc. 15 at 138.)

On April 7, 2025, the parties filed the instant motion for approval of the settlement agreement.  (*See id.* at 136.)  The total settlement amount is $30,000.  (*Id.* at 138-39; Doc. 15-1 at 144.)  From the total amount, $10,000 will be paid to Plaintiffs.  (Doc. 15 at 138.)  The settlement agreement further provides $16,594.08 in attorney's fees, $402.95 in litigation costs, and a $3,000 service award to Loweth.  (*Id.* at 138-39; Doc. 17 at 169.)

## II.  STANDARD OF REVIEW

"The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'"  *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299, 2008 WL 4724499, at *2, 2008 U.S. Dist. LEXIS 90070, at *11 (E.D. Ky. Oct. 23, 2009) (quoting 29 U.S.C. § 202).  Generally, the FLSA's provisions are not subject to bargaining, modification by contract, or settlement.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945) (holding policy considerations forbid waiver of rights created by the FLSA); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (FLSA provisions "are not subject to negotiation or bargaining between employers and employees").  There is an exception to this general rule when an employee brings a private action in a federal district court under 29 U.S.C. § 216(b) and presents the court with a proposed settlement.  *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also Pitty v. Conrad's Laserwash Co., Inc.*, No. 5:23-cv-2034, 2023 WL 7166917, at *1, 2023 U.S. Dist. LEXIS 194639, at *2-3 (N.D. Ohio Oct. 31, 2023).

Upon review of a settlement of FLSA claims, "'[T]he Court must ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-16108, 2010 WL 2490989, at *5, 2010 U.S. Dist. LEXIS 58912, at *13 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The Court must "scrutinize the proposed settlement for fairness to determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Pitty*, 2023 WL 7166917, at *1, 2023 U.S. Dist. LEXIS 194639, at *3 (citing *Bartlow v. Grand Crown Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1, 2012 U.S. Dist, LEXIS 181808, at *4 (E.D. Tenn. Dec. 26, 2012)).

Courts consider several factors including: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *2, 2008 U.S. Dist. LEXIS 90070, at *14 (citing *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). When a settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

III. ANALYSIS

First, the Court finds this action presents a bona fide dispute, and the parties possess divergent views of the facts and the applicable law. The parties' motion confirms the same. (*See* Doc. 15 at 140.) The parties disagree whether Defendants misclassified Plaintiffs as independent contractors and therefore excluded them from being eligible for overtime compensation. (*See id.*)

Next, the Court finds the settlement resulted from arm's-length negotiations between the parties and there is no risk of fraud or collusion. *See, e.g.*, *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) ("Absent evidence of fraud or collusion, such settlements are not to be trifled with.") (*See also* Doc. 15 at 140-41.)

Before reaching settlement, the parties litigated this matter for over a year, engaged in written discovery, and had extensive settlement negotiations. (*See* Doc. 15 at 138.) If the parties were to litigate this case further, they would incur additional expenses related to the risk of summary dismissal, preparing for and completing a trial, and potential appeals. (*See id.* at 141.) As for success on the merits, by settling, the parties have guaranteed Plaintiffs a substantial recovery. (*Id.*)

Lastly, public policy supports approving the settlement. Rather than requiring the parties to bear the uncertainty and risks surrounding trial and a possible appeal, "the certainty and finality that comes with settlement also weighs in favor of approving the agreement." *Williams v. CG-HHC, Inc.*, No. 5:22-cv-1003, 2024 WL 1514587, at *2, 2024 U.S. Dist. LEXIS 63514, at *5 (N.D. Ohio Apr. 8, 2024). "Settlement is the preferred means of resolving litigation." *Crawford*, 2008 WL 4724499, at * 9, 2008 U.S. Dist. LEXIS 90070, at *31 (citations omitted).

The settlement agreement provides each Plaintiff will receive a settlement amount based on the number of weeks each was employed.[2] (Doc. 15 at 138.) The parties determined the total

---

[2] Although the parties spent months attempting to obtain GPS data from the cargo vans Plaintiffs operated to determine how much time each Plaintiff was on the road, it was determined this data no longer exists. (*See* Doc. 15 at 138.) The parties therefore agreed to calculate damages for each Plaintiff based on the formula used in *Woolf v. Revolution Trucking, LLC*, Case No. 1:22-cv-00562 (N.D. Ohio). The parties assert Plaintiffs' allegations are the same as those asserted in *Woolf*. (Doc. 15 at 137-38; Doc. 15-1 at 145.) Accordingly, the parties took the amount paid to Woolf and divided it by the number of weeks he was employed. (*Id.*) They then took this number and multiplied it by the number of weeks within the statutory period each Plaintiff in this case was employed. (*Id.*)

settlement amount for each Plaintiff as follows: Loweth, $6,200; Dial, $380; Wilson, $2,565; Starkey, $855.  (*Id.*)  Accordingly, each Plaintiff will receive "approximately the full amount of overtime they are owed."  (*See id.*)

The Court considers Plaintiffs' counsel's opinion that the settlement is fair, reasonable, and adequate.  (*See* Doc. 15 at 141.)  The Court finds the settlement to be a positive result, especially given the award compensates each Plaintiff fully for overtime owed.

The Court finds the award of attorney's fees to Plaintiffs' counsel is reasonable, considering the time spent on written discovery and negotiations conducted to reach a resolution.  There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method.  *Van Horn v. Nationwide Prop. 7 Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011).  Because the attorney's fees were separately negotiated and this is not a common fund case, the Court will use the lodestar method.  Under the lodestar method, Plaintiffs' Attorney Chris P. Wido spent 42.32 hours at a rate of $392.10.  (*See* Doc. 17 at 166-69.)  The Court finds this rate reasonable.  *See Jackson v. Reliance Constr. Servs., LLC*, No. 1:20-cv-799, 2023 WL 4933269, at *4, 2023 U.S. Dist. LEXIS 134799, at *10-11 (S.D. Ohio Aug. 2, 2023) (approving a similar rate for attorney Wido).  The Court also finds the number of hours spent reasonable given discovery and settlement negotiations.  (*See* Doc. 17 at 166; Doc. 17-4.)

Additionally, the Court finds the litigations costs totaling $402.95 reasonable under the circumstances.  (*See* Doc. 15 at 139.)

Finally, the settlement provides for a $3,000 service award to Loweth.  (*See* Doc. 15 at 138.)  Such awards are "not uncommon, and 'courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the court of the class action litigation.'"  *Chambers v. A.R.E. Accessories LLC*, No. 5:23-cv-890,

2024 WL 3179702, at *4, 2024 U.S. Dist. LEXIS 112086, at *10 (N.D. Ohio June 26, 2024) (quoting *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-v-1694, 2010 WL 776933, at *7, 2010 U.S. Dist. LEXIS 20446 (N.D. Ohio Mar. 8, 2010)).  The Court approves the agreed upon service award to Loweth in recognition of his service in this action.

IV.     **CONCLUSION**

For the reasons stated herein, the Court GRANTS the parties' joint motion for approval of settlement.  (Doc. 15.)  The settlement is APPROVED.  This case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

**Date:**  July 10, 2025

                                BRIDGET MEEHAN BRENNAN
                                UNITED STATES DISTRICT JUDGE